UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARRYL BRADSHAW,

                        Plaintiff,

      v.

JAMES CALDWELL, *et al.*,

                        Defendants
_____

**DECISION AND ORDER**

6:24-CV-6488 CJS CDH

## INTRODUCTION

      Plaintiff Darryl Bradshaw ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), has asserted a claim of excessive force against defendants James Caldwell, McCoy, Malkowski, and Parsell (collectively "Defendants") pursuant to 42 U.S.C. § 1983. (*See* Dkt. 1; Dkt. 3 at 12). Plaintiff specifically alleges that on April 1, 2024, Defendants escorted him to a vacant cell in the Lakeview Shock Incarceration Correctional Facility and proceeded to strike him, causing injuries to his face and body. (Dkt. 1 at 4; Dkt. 3 at 3).

      Defendants have filed a motion to extend the discovery deadlines (Dkt. 26) and a motion to compel Plaintiff's responses to Defendants' discovery demands pursuant to Federal Rule of Civil Procedure 37 (Dkt. 27). For the reasons that follow, Defendants' motions are granted.

## BACKGROUND

This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (Dkt. 11). The Court assumes the parties' familiarity with the factual and procedural background of this matter for purposes of this Decision and Order. The facts and procedure salient to the instant motion are summarized below.

At the outset of this matter, United States District Judge Charles J. Siragusa screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). (Dkt. 3). Plaintiff was permitted to proceed to service on a claim that Defendants used excessive force upon him. (Dkt. 3 at 12). All Plaintiff's other claims were dismissed with prejudice. (*Id.*).

On March 13, 2025, Defendants served their "First Set of Interrogatories and Demand for Documents" (Dkt. 20; Dkt. 27-1 at ¶ 4; Dkt. 27-2) and a notice scheduling Plaintiff's deposition for July 25, 2025 (Dkt. 21; Dkt. 27-1 at ¶ 4). On April 29, 2025, having received no response to their demands, Defendants wrote a letter to Plaintiff asking if he required additional time to respond. (Dkt. 27-1 at ¶ 5; Dkt. 27-3 at 2). Plaintiff failed to respond to this letter. (Dkt. 27-1 at ¶ 6).

Thereafter, Defendants requested that the Court hold a telephone discovery conference to resolve the outstanding discovery issues. (*Id.*). The Court held a discovery conference on June 13, 2025, during which the parties agreed that Plaintiff would respond to Defendants' interrogatories within 30 days, or by July 13, 2025. (Dkt. 24; Dkt. 27-1 at ¶ 6). On July 1, 2025, Defendants served an amended deposition

notice on Plaintiff, moving his deposition to August 15, 2025. (Dkt. 25; Dkt. 27-1 at ¶ 6).

Plaintiff failed to respond to Defendants' interrogatories by the agreed-upon date of July 13, 2025. (Dkt. 27-1 at ¶ 7). On July 28, 2025, Defendants filed a motion for an extension of the deadline to complete discovery along with concomitant extensions of related deadlines. (Dkt. 26 at 1). Defendants argue these extensions are required "[g]iven the practical need for Plaintiff's responses and disclosures before deposition, and the likelihood of motion practice[.]" (*Id.*).

On July 29, 2025, Defendants filed a motion pursuant to Rule 37 asking the Court to compel Plaintiff to respond to their written discovery demands served on March 13, 2025, and to preclude any forthcoming objections to those demands as untimely. (Dkt. 27). Defendants argue that "Plaintiff's responses [are needed] to identify witnesses and material evidence as well as to explore matters relevant to his claims," such as "probing the history of the parties' interactions and relationships; and understanding the nature, extent, scope and cause of Plaintiff's alleged injuries." (Dkt. 27-4 at 2, 4; Dkt. 27-1 at ¶ 8; Dkt. 27-4 at 4).

On August 11, 2025, the Court received a copy of a letter sent by Plaintiff to Defendants' counsel, arguing that he is unable to provide Defendants with the documents they have requested because on August 4, 2025, "DOCCS [] impos[ed] a 2,000-day loss of property sanction upon [him] . . . [and] sentenced [him] to 365 days of SHU confinement." (Dkt. 30 at 1). Plaintiff claims that unless DOCCS is forced to return his property, he "cannot litigate this matter[.]" (*Id.*).

## DISCUSSION

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Under Rule 37, following a good-faith effort to meet and confer and upon notice to all parties, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'" *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 GBDSN, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020) (quoting *U.S. v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

### II. Failure to Provide Answers to Interrogatories

"[A] party may serve on any other party no more than 25 written interrogatories[.]" Fed. R. Civ. P. 33(a)(1). "The rule governing interrogatories provides . . . that each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Richard v. Dignean*, 332 F.R.D. 450, 457 (W.D.N.Y. 2019) (internal quotation omitted); *see* Fed. R. Civ. P. 33(a)(3).

In this case, after serving their discovery demands and receiving no responses for over a month, Defendants wrote to Plaintiff asking if he needed additional time to respond. (Dkt. 27-1 at ¶ 5). Receiving no answer, Defendants requested a conference with the Court. (Dkt. 22). As a result of that conference, the parties agreed that Plaintiff would respond to Defendants' interrogatories within 30 days. (Dkt. 24). Only after Plaintiff failed to comply with that agreement did Defendants make the instant motion to compel. (*See* Dkt. 27). Plaintiff has also taken the position that he cannot comply with Defendants' discovery requests in the foreseeable future. (*See* Dkt. 30 at 1). Thus, the record before the Court establishes that the "meet and confer" requirements of Rule 37(a)(1) have been satisfied. Fed. R. Civ. P. 37(a)(1); *see Veleron Holding, B.V. v. BNP Paribas SA*, No. 12-CV-5966 (CM)(RLE), 2014 WL 4184806, at *2 (S.D.N.Y. Aug. 22, 2014) ("Courts have excused the meet-and-confer requirement where . . . efforts at informal compromise would have been clearly futile." (internal quotation omitted)). The Court also finds, and Plaintiff has not disputed, that Defendants' demands appear relevant to the claims and defenses in this case, as required by Rule 26(b)(1).

There is no question that Plaintiff has failed to timely respond to Defendants' interrogatories. (Dkt. 27 at 1; *see also* Dkt. 30 at 1). Plaintiff's contention that he "can't provide [Defendants] with the *documents* [they] are requesting" due to the sanctions imposed on him by DOCCS (Dkt. 30 at 1 (emphasis added)) does not address Plaintiff's failure to respond to Defendants' interrogatories. *See Yong Biao Ji v. Aily Foot Relax Station Inc.*, No. 19-CIV-11881 (VB) (JCM), 2021 WL 1930362, at *2

(S.D.N.Y. May 12, 2021) ("To the extent an interrogatory is not objectionable, the responding party is required to 'provide the best answer they can based upon current information in their possession.'" (quoting *Trueman v. N.Y. State Canal Corp.*, No. 09-CV-049 (LEK) (RFT), 2010 WL 681341, at *2 (N.D.N.Y. Feb. 24, 2010)). Plaintiff makes no showing that his conditions of confinement prevent him from sending written communications to Defendants, such as responses to their interrogatories.[1] To the contrary, Plaintiff was able to send written communications regarding his conditions of confinement and a subsequent change of address. (*See* Dkt. 30; Dkt. 31); *see also Arnold v. Cnty. of Westchester*, No. 16-CV-9552, 2018 WL 11273645, at *2 (S.D.N.Y. Dec. 6, 2018) (dismissing the plaintiff's case in part because "Plaintiff failed to comply with his discovery obligations, despite communicating with the Court on other issues.").

Further, by Plaintiff's own admission, the discipline of which he complains occurred on August 4, 2025 (*see* Dkt. 30 at 1), 23 days after the deadline agreed upon by the parties at the discovery conference, and nearly four months after the deadline set by Defendants' demands and the Federal Rules. (Dkt. 24; *see also* Dkt. 27-2 at 2; Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(2)(A)). Defendants' interrogatories also provide accommodation for Plaintiff's circumstance in stating that if any interrogatories cannot be answered fully despite due diligence, Plaintiff may: (1)

---

[1]  Although incarceration may create special challenges for *pro se* litigants, it does not relieve a plaintiff of his obligation to participate in discovery. *See Kenneth v. Nationwide Mut. Fire Ins. Co.*, No. 03-CV-521F, 2007 WL 3533887, at *18 (W.D.N.Y. Nov. 13, 2007).

"answer to the fullest extent possible;" (2) state the reasons for a partial answer; and (3) state any knowledge he has regarding a partial answer. (Dkt. 27-2 at 3).

For all these reasons, the Court concludes that Plaintiff has failed, without adequate justification, to timely respond to Defendants' interrogatories. The Court therefore orders Plaintiff to respond to Defendants' First Set of Interrogatories within 30 days of entry of this Decision and Order, based upon the current information in his possession. A copy of Defendants' First Set of Interrogatories and Demand for Documents (Dkt. 20) will be mailed to Plaintiff with this Decision and Order.

### III.   **Failure to Produce Responsive Documents**

Rule 34(a)(1) requires a party to produce relevant documents in the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Under this rule, a responding party is required "to conduct a reasonable and diligent search for responsive documents[.]" *Wilson v. Town of Cheektowaga*, No. 18-CV-1255W(F), 2021 WL 195348, at *3 (W.D.N.Y. Jan. 10, 2021) (quoting *Gainer v. United Auto. Aerospace Agric. Implement Workers (UAW),* No. 08-CV-0501-W MS-MJR, 2016 WL 9455264, at *5 (W.D.N.Y. Mar. 17, 2016)). "The responding party then must produce the requested documents 'or state with specificity the grounds for objecting to the request, including the reasons'" within 30 days. *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.,* 328 F.R.D. 450, 452 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 34(b)(2)(A), (B), (C)).

Here, Rule 34(b)(2) required actual production of the sought materials and for Plaintiff to "respond in writing within 30 days after being served" on March 13, 2025.

- 7 -

Fed. R. Civ. P. 34(b)(2)(A), (B); (*see* Dkt. 20). As discussed above, Plaintiff blames his current conditions of confinement, including a "loss of property sanction," for his failure to respond to document demands. (Dkt. 30 at 1). The Court notes again that the loss of property sanction was not, by Plaintiff's own recounting, imposed until well after his deadline for production had expired. Plaintiff has offered no explanation for his failure to comply with his discovery obligations before the loss of property sanction was imposed. Moreover, even if Plaintiff is not currently in possession of responsive documents, that does not prevent him from providing a written response to Defendants' document demands.

*Arnold v. County of Westchester* is instructive. There, the court dismissed the plaintiff's case for failure to prosecute after he declared he would not comply with discovery demands. *Arnold*, 2018 WL 11273645, at *3. This occurred after a series of failures to comply with discovery demands, including after the court ordered the plaintiff to comply with demands within 60 days. *Id.* at *1. After that deadline passed, the plaintiff informed the court that he could not comply with discovery demands "due to his current incarceration and his inability to gather the dispersed discovery documents[.]" *Id.* Ultimately, the court ordered dismissal in part because the plaintiff "failed to comply with his discovery obligations, despite communicating with the [c]ourt on other issues" and "made [no] attempt to mitigate his non-compliance, for example by turning over some information and explaining to Defendants and the Court why he cannot obtain and turn over other information." *Id.* at *2.

Here, as already discussed, Plaintiff has demonstrated that he can transmit written communications, and there thus appears to be no barrier to him providing a written response to Defendants' document demands. *See Id.* Consequently, the Court directs Plaintiff to respond in writing to each of Defendants' First Demand for Documents within 30 days of entry of this Decision and Order.

## IV.  <u>Waiver of Plaintiff's Future Objections</u>

"[T]here is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections." *Senat v. City of N.Y.*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (citing Fed. R. Civ. P. 33(b)(4)); *see also Gesualdi v. Interstate Payroll Co., Inc.*, No. 14 CV 6780 ADS SIL, 2016 WL 737909, at *2 (E.D.N.Y. Feb. 22, 2016) (same); *Stabile v. United Recovery Servs., L.P.*, No. 11-CV-1152 SJF WDW, 2011 WL 6448189, at *2 (E.D.N.Y. Dec. 22, 2011) ("[D]efendants' failure to timely respond results in a waiver of all objections as to the interrogatories and all objections to the document demands except those based on privilege." (citation omitted)). However, the Court may excuse the failure to timely assert an objection for good cause. *See* Fed. R. Civ. P. 33(b)(4); *McKissick v. Three Deer Ass'n Ltd. P'ship*, 265 F.R.D. 55, 57 (D. Conn. 2010) (finding the interests of justice "would be best served by allowing the defendants to have an opportunity to voice their objections to the plaintiff's requests, 'lest a federal court be compelled to order the production of every piece of paper in the Pentagon because of a tardy objection to a request to produce

them'" (quoting *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 539 (D. Conn. 2006)).

Defendants seek an order "precluding any forthcoming objections to [Defendants'] demands as untimely." (Dkt. 27 at 1). The Court declines to address any potential future objections at this stage of the proceedings, where Plaintiff has interposed no objections and has expressed no intent to levy any in the future. Under the circumstances, any ruling on this issue would be premature.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion to compel pursuant to Federal Rule of Civil Procedure 37. (Dkt. 27). Plaintiff is ordered to provide responses to Defendants' First Set of Interrogatories and Demand for Documents no later than 30 days from entry of this Decision and Order. The Court also finds good cause to grant Defendants' motion for an extension of the deadline to complete discovery along with a concomitant extension of related deadlines (Dkt. 26) and thus grants that motion. An amended scheduling order will follow entry of this Decision and Order.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         December 29, 2025