UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARRYL BRADSHAW,

Plaintiff,

v.

JAMES CALDWELL, *et al.*,

Defendants

**DECISION AND ORDER**

6:24-CV-06488 CJS CDH

## INTRODUCTION

Plaintiff Darryl Bradshaw ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), has asserted a claim of excessive force against defendants James Caldwell, Bryan McCoy, Dustin Malkowski, and Timothy Parsell (collectively "Defendants"[1]) pursuant to 42 U.S.C. § 1983. (*See* Dkt. 1; Dkt. 3 at 12).

Defendants have filed a motion to compel and for sanctions pursuant to Federal Rule of Civil Procedure 37(b). (Dkt. 34; *see also* Dkt. 34-3 at 6). For the reasons that follow, Defendants' motion to compel is granted in part and denied in part.

[1] The case caption does not reflect the first names of defendants McCoy, Malkowski, and Parsell, but they are set forth elsewhere in the record. (*See* Dkt. 9 at ¶ 3).

## BACKGROUND

This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (Dkt. 11). The Court assumes the parties' familiarity with the factual and procedural background of this matter for purposes of this Decision and Order. The facts and procedure salient to the instant motion are summarized below.

On March 13, 2025, Defendants served on Plaintiff a "First Set of Interrogatories and Demand for Documents." (Dkt. 20; Dkt. 34-1 at ¶ 4).[2] On April 29, 2025, having received no response to their demands, Defendants wrote a letter to Plaintiff asking if he required additional time to respond. (Dkt. 27-3 at 2). Plaintiff failed to respond to this letter. (Dkt. 27-1 at ¶ 6).

The Court held a discovery conference on June 13, 2025, during which the parties agreed that Plaintiff would respond to Defendants' interrogatories within 30 days, or by July 13, 2025. (Dkt. 24; Dkt. 34-1 at ¶ 6). Plaintiff failed to respond to Defendants' interrogatories by the agreed-upon date of July 13, 2025. (*See* Dkt. 34-1 at ¶ 7). Defendants filed a motion to compel Plaintiff's responses to the March 13th Discovery Demands on July 29, 2025 (Dkt. 27), which the Court granted in a Decision and Order dated December 29, 2025 (Dkt. 32) (hereinafter the "December 29th Order"). In the December 29th Order, the Court ordered Plaintiff to respond to the March 13th Discovery Demands within 30 days, or by January 28, 2026. (*See id.* at 10). The Court also entered an Amended Scheduling Order on December 29, 2025,

---

[2] These discovery demands are hereinafter referred to as the "First Set of Interrogatories" and the "First Demand for Documents," and collectively as the "March 13th Discovery Demands."

pursuant to which fact discovery was to be completed by March 27, 2026, and motions to compel were due by February 27, 2026. (Dkt. 33 at ¶ 2).

On February 19, 2026, Defendants sent Plaintiff a letter again seeking responses to their demands and offering to re-send those demands if needed. (*See* Dkt. 34-1 at ¶ 9; *see also* Dkt. 32-2 at 2). Despite the December 29th Order and Defendants' February 19, 2026 letter, Plaintiff has failed to respond in any way to the March 13th Discovery Demands. (Dkt. 34-1 at ¶ 9; *see also* Dkt. 36 at 1).

On February 27, 2026, Defendants filed the instant motion pursuant to Federal Rule of Civil Procedure 37(b) seeking an order: (1) compelling Plaintiff's discovery responses; (2) precluding Plaintiff's objections to the March 13th Discovery Demands; (3) imposing a $500 monetary sanction upon Plaintiff; (4) warning Plaintiff that his continued failure to comply with the Court's orders may result in the dismissal of his case; and (5) holding the existing case-management deadlines in abeyance pending resolution of these discovery matters. (*See* Dkt. 34 at 1; *see also* Dkt. 34-3 at 5, 6 n.1). Defendants assert that Plaintiff's discovery responses are "necessary and vital to the defense of th[is] action[.]" (Dkt. 34-3 at 2).

On March 16, 2026, Plaintiff filed his opposition, asserting that he has "<u>NO</u> plans of complying with [Defendants'] discovery demands" because: (1) he is indigent;[3] (2) Defendants' First Demand for Documents seeks irrelevant information; (3) Defendants should request documents from DOCCS and not Plaintiff; and (4)

---

[3] Plaintiff also argues that it is unjust to impose a monetary sanction on him due to his *in forma pauperis* status. (Dkt. 36 at 2; *see* Dkt. 3 at 11).

Defendants must ask the Court to appoint Plaintiff counsel to assist him with responding to the March 13th Discovery Demands. (*See* Dkt. 36 at 1). Plaintiff also asserts that he is "willing to agree to dismiss this case because it[']s becoming a headache." (*Id.* at 2).

## DISCUSSION

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 37, following a good-faith effort to meet and confer and upon notice to all parties, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'" *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 GBDSN, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020) (quoting *U.S. v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).

Rule 37(b) further empowers the Court to issue "just orders" to sanction a party for failing to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A); *see Friends of Animals Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997). Such orders may impose sanctions such as "staying further proceedings until the order is obeyed;" "dismissing the action or proceeding in whole or in part;" or "rendering a default

judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iv)-(vi). The Second Circuit has explained that "sanctions under Rule 37 are intended to serve three purposes":

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)).

"In imposing Rule 37 sanctions, . . . courts properly consider various factors, including '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (alteration omitted) (quoting *S. New England Tel. Co.*, 624 F.3d at 144). These factors, however, "'are not exclusive, and they need not each be resolved against' the sanctioned party for sanctions to be appropriate." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 360 (S.D.N.Y. 2023) (quoting *S. New England Tel. Co.*, 624 F.3d at 144). "[A] district court has wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999).

## II. Request to Compel Discovery Responses

### A. Failure to Provide Answers to Interrogatories

"[A] party may serve on any other party no more than 25 written interrogatories[.]" Fed. R. Civ. P. 33(a)(1). "The rule governing interrogatories provides . . . that each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Richard v. Dignean*, 332 F.R.D. 450, 457 (W.D.N.Y. 2019) (internal quotation omitted); *see* Fed. R. Civ. P. 33(a)(3).

Plaintiff's response to the instant motion to compel, like his response to Defendants' July 29, 2025 motion to compel, focuses on Defendants' First Demand for Documents without addressing Plaintiff's failure to respond to Defendants' First Set of Interrogatories. (*See* Dkt. 32 at 5; *see also* Dkt. 36 at 1-2). Plaintiff has demonstrated the ability to send written communications since the completion of the briefing for Defendants' July 29, 2025 motion to compel, including updating his address (Dkt. 31) and responding to the instant motion (Dkt. 36). And Plaintiff makes no argument that Defendants' interrogatories seek irrelevant information. *See Yong Biao Ji v. Aily Foot Relax Station Inc.*, No. 19-CIV-11881 (VB) (JCM), 2021 WL 1930362, at *2 (S.D.N.Y. May 12, 2021) ("To the extent an interrogatory is not objectionable, the responding party is required to 'provide the best answer they can based upon current information in their possession.'") (quoting *Trueman v. N.Y. State Canal Corp.*, No. 09-CV-049 (LEK) (RFT), 2010 WL 681341, at *2 (N.D.N.Y. Feb. 24, 2010)).

Despite this, and the December 29th Order, Plaintiff has failed to respond to Defendants' First Set of Interrogatories. (*See* Dkt. 36 at 1). Plaintiff is again ordered to respond to Defendants' First Set of Interrogatories within 30 days of entry of this Decision and Order, based upon the current information in his possession.[4] Another copy of the March 13th Discovery Demands (Dkt. 20) will be mailed to Plaintiff with this Decision and Order.

**B. <u>Failure to Produce Responsive Documents</u>**

Turning to Defendants' First Demand for Documents, Rule 34(a)(1) requires a party to produce relevant documents in the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Under this rule, a responding party is required "to conduct a reasonable and diligent search for responsive documents[.]" *Wilson v. Town of Cheektowaga*, No. 18-CV-1255W(F), 2021 WL 195348, at *3 (W.D.N.Y. Jan. 10, 2021) (quoting *Gainer v. United Auto. Aerospace Agric. Implement Workers (UAW),* No. 08-CV-0501-W MS-MJR, 2016 WL 9455264, at *5 (W.D.N.Y. Mar. 17, 2016)). "The responding party then must produce the requested documents 'or state with specificity the grounds for objecting to the request, including the reasons'" within 30 days. *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 34(b)(2)(A), (B), (C)).

[4] Plaintiff is reminded that Defendants' First Set of Interrogatories state that if any interrogatories cannot be answered fully despite due diligence, Plaintiff may: (1) "answer to the fullest extent possible;" (2) state the reasons for a partial answer; and (3) state any knowledge he has regarding a partial answer. (Dkt. 27-2 at 3).

In his response, Plaintiff states that he "may or may not" have documents responsive to Defendants' First Demand for Documents but argues that he need not produce any documents for several reasons. (Dkt. 36 at 1). First, Plaintiff claims that he is indigent and thus it will "put a financial hardship on [him] to make copies of the documents" Defendants seek. (*Id.*). However, Plaintiff's indigent status does not excuse him from fulfilling his discovery obligations to the best of his ability. *See Anthony v. Rosenberg*, No. 9:22-CV-0378 (BKS/CFH), 2024 WL 4624643, at *1 (N.D.N.Y. Sept. 12, 2024) ("The granting of *in forma pauperis* status does not shift the entire financial burden of litigation either to the Court or to the opposing parties. . . . [A] party is required to pay the costs of discovery, including the costs of obtaining copies of requested documents, despite the fact that he has been found to be indigent.") (original alteration and citation omitted). Further, Plaintiff does not explain why his indigency would prevent him from providing a written response to Defendants' document demands.[5]

Second, Plaintiff claims, without elaboration, that Defendants' requested documents have "absolutely nothing to do with his case[.]" (Dkt. 36 at 1 (emphasis omitted)). Again, this does not excuse Plaintiff's failure to "produce the requested

[5] Plaintiff also argues that he cannot respond to Defendants' document demands because "DOCCS does not allow indigent incarcerated individuals to use authorized advance requests to obtain documents through F.O.I.L." (Dkt. 36 at 1). This, however, does not explain Plaintiff's failure to comply with the December 29th Order because "a party is not obliged to produce . . . documents that it does not possess or cannot obtain." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007); *see also* Fed. R. Civ. P. 34(a)(1) ("A party may serve on any other party a request . . . to produce" documents "in the responding party's possession, custody, or control[.]").

documents 'or state with specificity the grounds for objecting to the request, including the reasons.'" *Syntel Sterling Best Shores Mauritius Ltd.*, 328 F.R.D. at 452 (quoting Fed. R. Civ. P. 34(b)(2)(A), (B), (C)). Moreover, the Court finds that Defendants' First Demand for Documents does seek information relevant to this matter. For instance, Defendants' request for "medical records of any kind whatsoever that concern, reference, or relate to the treatment of any physical injury or other harm, or any demonstrable physical or medical condition resulting therefrom, attributed to any alleged action and/or failure to act by any Defendant" (Dkt. 20 at 8) seeks information relevant to Plaintiff's allegation that on April 1, 2024, Defendants escorted Plaintiff to a vacant cell in the Lakeview Shock Incarceration Correctional Facility and proceeded to strike him, causing him injury (*See* Dkt. 1 at 4; Dkt. 3 at 3).

Third, Plaintiff argues that Defendants should seek documents from DOCCS rather than Plaintiff. (*See* Dkt. 36 at 1). Plaintiff provides no basis for his assertions that Defendants "can get any documents [they] . . . need to defend this case free of charge from DOCCS" or that DOCCS possesses "any documents that [Plaintiff] may or may not have[.]" (*Id.* (emphasis omitted)). Even assuming those assertions were true, this would not excuse Plaintiff's noncompliance with discovery rules or the Court's orders. *See Swinton v. Livingston Cnty.*, No. 15-CV-00053A(F), 2016 WL 6248675, at *3 (W.D.N.Y. Oct. 26, 2016) ("Plaintiff's alternative contention that because Defendant, through . . . [his] use of his power as a jail guard, can . . . [obtain] the requested documents also fails. It is well-established that a responding party is not excused from producing responsive documents requested pursuant to Rule 34(a)

on the ground that the requesting party may have access to the requested documents.").

Finally, Plaintiff argues that Defendants must ask the Court to appoint Plaintiff counsel to help him respond to the March 13th Discovery Demands. (Dkt. 36 at 1-2). The Court is not persuaded that Plaintiff requires the assistance of counsel to provide responses to the March 13th Discovery Demands. Even if he did, it would be Plaintiff's obligation to seek such assistance, and he has not filed a motion for appointment of counsel. *See, e.g., Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003) (noting that, unlike a defendant in a criminal matter, a civil litigant has no right to appointed counsel.). Thus, this argument also fails to excuse Plaintiff's failure to respond to Defendants' First Demand for Documents.

In summary, Plaintiff has provided no adequate explanation for his failure to provide responses to Defendants' First Demand for Documents. Therefore, the Court again directs Plaintiff to respond to Defendants' First Demand for Documents within 30 days of entry of this Decision and Order. Plaintiff is reminded that his obligation to respond to such demands stems not only from the Federal Rules of Civil Procedure, but from the Court's December 29th Order (and the instant Decision and Order) requiring such responses.

## III. Requested Sanctions

There is no dispute that Plaintiff has failed to comply with the December 29th Order, which directed him to respond to the March 13th Discovery Demands by no later than January 28, 2026. (*See* Dkt. 36 at 1). Having examined the four factors

that courts use in deciding whether to impose Rule 37(b) sanctions, as well as the circumstances of this case, the Court declines to impose a $500 monetary sanction on Plaintiff at this time. However, the Court concludes that the sanctions of precluding Plaintiff's objections to Defendants' March 13th Discovery Demands and of issuing a further warning to Plaintiff regarding any further failures to comply with his discovery obligations are appropriate under these circumstances. (*See* Dkt. 34-3 at 5-6).

### A. <u>Willfulness</u>

"Noncompliance with a court's discovery order is willful when the order is clear, the party understood the order, and the failure to comply is not due to factors beyond the party's control." *Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 35 (E.D.N.Y. Sept. 10, 2019); *see also Maldonado v. Loxton Inc.*, No. 20-CV-5776 (LDH) (RLM), 2022 WL 18858967, at *4 (E.D.N.Y. June 9, 2022) (stating that "unexplained and repeated failure to respond to discovery requests, comply with court orders, and appear in a scheduled hearing" constitutes willfulness) (citation omitted).

Here, the December 29th Order unambiguously directed Plaintiff to "provide responses to Defendants' First Set of Interrogatories and Demand for Documents no later than 30 days from entry of th[e Court's] Decision and Order." (Dkt. 32 at 10). Nothing in the record suggests that Plaintiff failed to understand this clear, straightforward directive. Further, for the reasons discussed above, Plaintiff cannot successfully argue that his noncompliance with the order is due to factors outside of his control. (*See* Dkt. 34-2 at 8 n.2). Therefore, Plaintiff's noncompliance is willful.

### B. Efficacy of Lesser Sanctions

The Second Circuit has held that "the severity of sanction must be commensurate with the non-compliance." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007). "When failure to comply with a court order is 'due to willfulness, or bad faith, or is otherwise culpable,' severe sanctions . . . are justified." *Martiny v. Introcaso-Allison*, No. 17-CV-09559 (SN), 2019 WL 4593613, at *2 (S.D.N.Y. Sept. 23, 2019) (quoting *Daval Steel Prod. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)).

Defendants have asked the Court to impose a $500 monetary sanction on Plaintiff. "Courts in this Circuit have frequently determined that a monetary sanction would be both ineffective and unreasonable in light of a litigant's status as a poor person." *Shim-Larkin v. City of N.Y.*, No. 16-CV-6099-AJN-KNF, 2019 WL 5199425, at *2 (S.D.N.Y. Sept. 16, 2019) (quotation and alteration omitted); *see also Paige v. Lacoste*, No. 10-CV-3356 SLT RER, 2014 WL 4804866, at *12 (E.D.N.Y. Sept. 26, 2014) ("Furthermore, Plaintiff is proceeding *in forma pauperis*, such that a monetary sanction would serve little purpose."). Plaintiff cannot pay a $500 monetary sanction, and imposing the same would not be useful in deterring future misconduct, nor would Plaintiff's failure to pay such a sanction due to his indigency support the imposition of more serious sanctions. *See Jefferson v. Webber*, 777 F. App'x 11, 15 (2d Cir. 2019) ("A party's inability to pay a sanction because of indigency must weigh heavily against a dismissal for failure to do so.") (quotation omitted). The Court therefore does not find that such a sanction should be imposed here.

The cases Defendants cite in which courts have imposed monetary sanctions on indigent inmates are distinguishable. In *Woodward v. Holtzman*, 329 F.R.D. 16 (W.D.N.Y. 2018), the plaintiff had interposed interrogatory responses "based on statements of fact that were false or misleading," *id.* at 22. The court accordingly imposed sanctions under Rule 26(g)(3), in addition to Rule 37. Similarly, in *Henry v. Miller*, No. 11-CIV-1273-PAE-HBP, 2016 WL 11482343, (S.D.N.Y. Aug. 26, 2016), *adopted*, 2016 WL 4940201 (S.D.N.Y. Sept. 15, 2016), the court found that the plaintiff had made fabricated statements regarding his compliance with his discovery obligations, including in testimony made before the court. *Id.* at *2-3. These cases do not change the Court's assessment that a monetary sanction is not appropriate in this case.

Defendants also ask that the Court issue an order precluding Plaintiff's objections to the Match 13th Discovery Demands. (*See* Dkt. 34-3 at 5). Although Plaintiff has not yet objected to Defendants' First Set of Interrogatories, he has objected to Defendants' First Demand for Documents on the grounds that they seek irrelevant information. (*See* Dkt. 36 at 1). As explained above, this argument is unsupported by the record before the Court or any legal authority. Thus, it is not a proper excuse for Plaintiff's failure to comply with the December 29th Order. Moreover, "there is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections." *Senat v. City of N.Y.*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (citing Fed. R. Civ. P. 33(b)(4)); *see also Gesualdi v. Interstate Payroll Co., Inc.*, No. 14-CV-6780-ADS-SIL, 2016 WL 737909,

at *2 (E.D.N.Y. Feb. 22, 2016) (same); *Stabile v. United Recovery Servs., L.P.*, No. 11-CV-1152 SJF WDW, 2011 WL 6448189, at *2 (E.D.N.Y. Dec. 22, 2011) ("[D]efendants' failure to timely respond results in a waiver of all objections as to the interrogatories and all objections to the document demands except those based on privilege." (citation omitted)). Plaintiff has been afforded ample opportunity to impose any legitimate objections to the March 13th Discovery Demands and has failed to do so. Under these circumstances, Defendants' requested sanction is warranted. Plaintiff is hereby precluded from interposing objections to the March 13th Discovery Demands.

The Court also grants Defendants' request that Plaintiff be warned "that continued noncompliance will trigger the drastic sanction of dismissal of his action[.]" (Dkt. 34-3 at 6). As the Second Circuit has explained, "**all litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice**. *Pro se* litigants, though generally entitled to special solicitude before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (emphasis added, quotations and citations omitted). This is the second Order the Court has issued directing Plaintiff to respond to the March 13th Discovery Demands. If Plaintiff continues not to comply, he should expect this case to be dismissed with prejudice.

Furthermore, the Court finds that because of Plaintiff's noncompliance with his discovery obligations and the December 29th Order, the parties cannot be expected to comply with the existing Amended Scheduling Order. *See* Fed. R. Civ. P.

37(b)(2)(A)(iv); (*see also* Dkt. 33). Consequently, the existing case-management deadlines are hereby held in abeyance pending Plaintiff's compliance with the December 29th Order and the instant Decision and Order. Defendants are directed to file a status report detailing Plaintiff's compliance with this Decision and Order within 45 days of its entry. If Plaintiff has complied, that status report should propose amended scheduling order deadlines.

**C. <u>Duration of Noncompliance</u>**

"As to the third factor, duration, '[c]ourts have found noncompliance for a period of several months sufficient to warrant dismissal or default,' whereas 'lesser sanctions are appropriate' in situations when the period of noncompliance is 'relatively short.'" *Thani v. Hanke*, No. 20 Civ. 4765 (JPC), 2023 WL 5744288, at *12 (S.D.N.Y. Sept. 6, 2023) (alteration in original) (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d at 361).

Plaintiff has failed to comply with the December 29th Order for over eight months. (*See* Dkt. 36 at 1). This length of time is more than sufficient to justify imposing the sanctions discussed herein.

**D. <u>Notice of Consequences</u>**

Finally, the Court considers whether Plaintiff received sufficient notice regarding the consequences of his noncompliance. As discussed above, Plaintiff disobeyed not just a discovery obligation, but a discovery obligation imposed by court order. Parties have "no absolute entitlement to be 'warned' that they disobey court orders at their peril." *Daval Steel Prods.*, 951 F.2d at 1366.

In any event, Plaintiff was on notice of the potential consequences of his actions. First, the Court's Scheduling Order dated March 5, 2025, advised Plaintiff that if he failed to abide by the deadlines set forth therein or participate in discovery in good faith, the Court would "enter appropriate sanctions[.]" (Dkt. 18 at 3). The Court repeated this warning in the Amended Scheduling Order entered on December 29, 2025. (Dkt. 33 at 2). Additionally, in the December 29th Order, the Court "decline[d] to address any potential future objections at th[at] stage of the proceedings, where Plaintiff ha[d] interposed no objections and ha[d] expressed no intent to levy any in the future." (Dkt. 32 at 10). Implicit in that holding was a warning that if Plaintiff were to object to Defendants' discovery demands despite having not complied with the Court's discovery directives, the Court might preclude such objections. The Court therefore finds that Plaintiff was sufficiently on notice to the consequences of his actions that imposing the sanctions contemplated here would not be unfair.

Having weighed the relevant factors, the Court finds that the sanctions discussed above are warranted to address Plaintiff's continued failure to participate in discovery. Specifically, the Court warns Plaintiff that his continued noncompliance with his discovery obligations and the Court's orders may result in the dismissal of his case with prejudice. *See Agiwal,* 555 F.3d at 302. Plaintiff is also precluded from interposing any objections to the March 13th Discovery Demands. Further, the case-management deadlines are hereby held in abeyance pending Plaintiff's compliance with the December 29th Order.

The Court notes that Plaintiff has professed a lack of interest in continuing with this case "because it[']s becoming a headache." (Dkt. 36 at 2). Should Plaintiff wish to discontinue this case, he may file a stipulation of dismissal signed by the parties. *See Nasca v. ByteDance Ltd.*, No. 23-CV-2786-NGG-JMW, 2023 WL 7102396, at *4 (E.D.N.Y. Oct. 27, 2023) ("[U]nder Rule 41(a)(1)(A), plaintiffs may voluntarily dismiss their case without a court order. In this case, the [plaintiffs] chose to voluntarily dismiss their case pursuant to Rule 41(a)(1)(A)(ii), which requires that all parties sign the stipulation of dismissal." (citation omitted)). Plaintiff may also file a motion to voluntarily dismiss this matter.

## IV. Attorney's Fees and Costs

Rule 37(b)(2)(C) provides for an award of attorney's fees and costs to the party who successfully moves for sanctions based on a discovery violation. Fed. R. Civ. P. 37(b)(2)(C). The rule states that:

> Instead of or in addition to [the possible sanctions set out in Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

*Id.*; *see also In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-157-GBD-FM, 2015 WL 6666703, at *2 n.1 (S.D.N.Y. Oct. 28, 2015), *adopted* 2015 WL 9255560 (S.D.N.Y. Dec. 18, 2015).

Plaintiff makes no argument that his failure to comply with the December 29th Order was substantially justified, and the Court discerns no such justification for his noncompliance. Nevertheless, given Plaintiff's *pro se* and *in forma pauperis* status,

"the Court finds that an award of expenses would be unjust under the present circumstances." *Cadet v. All. Nursing Staffing of New York, Inc.*, No. 21 CIV. 3994 (KPF), 2024 WL 81487, at *12 (S.D.N.Y. Jan. 8, 2024), *appeal dismissed,* No. 24-315, 2024 WL 5392746 (2d Cir. June 18, 2024); *see also Papadimitriou v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 22-CV-2065-LDHLB, 2023 WL 6385769, at *5 (E.D.N.Y. Sept. 29, 2023) ("While a court may order a *pro se* litigant to pay legal fees, the court must adequately warn the *pro se* litigant before imposing such an order."). Plaintiff, however, is hereby warned that his continued noncompliance with its orders may result in the imposition of monetary sanctions, including the payment of Defendants' attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel and for sanctions pursuant to Federal Rule of Civil Procedure 37(b) (Dkt. 34) is granted in part and denied in part. Plaintiff is again ordered to provide responses to Defendants' First Set of Interrogatories and Demand for Documents no later than 30 days from entry of this Decision and Order. Plaintiff is precluded from objecting to Defendants' March 13th Discovery Demands. **Plaintiff is warned that he is obligated to comply with his discovery obligations and with the Court's Orders and that failure to comply will result in further sanctions, which may include the dismissal of his case with prejudice.**

The Court also holds the case-management deadlines in this case in abeyance pending Plaintiff's compliance with the instant Decision and Order. Defendants are

directed to file a status report detailing Plaintiff's compliance with this Decision and Order within 45 days of its entry. If Plaintiff has complied, that status report should propose amended case-management deadlines.

SO ORDERED.

COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
September 11, 2026